FILED
SUPERIOR COURT
OF GUAM

2014 OCT 17 PM 1: 18

CLERK OF COURT
BY:____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| HUBTEC INTERNATIONAL CO., a Guam corporation, <br><br> Plaintiff, <br><br> vs. <br><br> GOVERNMENT OF GUAM and JOANNE BROWN, in her capacity as Director of the DEPARTMENT OF PUBLIC WORKS, and instrumentality of the Government of Guam, <br><br> Defendants. | Case No. CV 1358-12 <br><br> DECISION AND ORDER ON PLAINTIFF'S MOTION FOR RECONSIDERATION AND CLARIFICATION OF DECISION |

### INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena III on the Plaintiff's Motion for Reconsideration and Clarification of Decision on August 4, 2014. Attorneys John B. Bell and Phillip Torres represent Plaintiff. Assistant Attorney General Kenneth Orcutt represents Defendants. For the reasons set forth below, the Court denies Plaintiff's Motion.

### BACKGROUND

Per the Complaint filed on December 10, 2012, Plaintiff presents claims for breach of contract and *quantum meruit*. (Compl. ¶¶ 12-23.) The claims concern a contract between Plaintiff and Defendants pursuant to which Plaintiff was to perform road infrastructure improvement; Defendants terminated the contract. (Compl. ¶¶ 3-11.)

On July 5, 2013, Defendants filed their Second Amended Answer and Counterclaims to Plaintiff's Complaint. Defendants present counterclaims for breach of contract and fraud. (Sec. Am. Ans. ¶¶ 15-50.)



On October 31, 2013, Defendants filed their Motion for Summary Judgment in which they moved for "summary judgment dismissing plaintiff's claims and for a partial summary judgment on defendants' claims against plaintiff[, . . .] in the amount of $120,000 for breach of contract." On December 6, 2013, Plaintiff filed its Opposition to Defendant's Motion for Summary Judgment. On December 23, 2013, Defendants filed their Reply Memorandum in Support of Motion for Summary Judgment.

On May 9, 2014, the Court issued its Decision and Order granting "Defendants' motion for summary judgment with regard to Plaintiff's breach of contract claim, Plaintiff's *quantum meruit* claim, and Defendants' breach of contract counterclaim."

On May 19, 2014, Plaintiff filed its Motion for Reconsideration and Clarification of Decision. Plaintiff contends that "it is unclear whether the [Court's Decision and Order] directly addressed or disposed of [Plaintiff's] claim for damages pursuant to the terms of the contract (as opposed to *quantum meruit*) regardless of whether the contract was later properly terminated by [Defendants]." Plaintiff further asserts that the Court's Decision and Order "did not clearly address whether [Defendants] owe[] [Plaintiff] money for construction services rendered prior to [Defendants'] termination of the contract." Plaintiff concludes that "[i]t would be manifestly unjust to dismiss [Plaintiff's] damages claim based on any misunderstanding or conflation of the issues" and Plaintiff accordingly seeks to "proceed to trial on the issue of damages owed to [Plaintiff] for work performed pursuant to the contract before [Defendants] terminated it and for which [Defendants] ha[ve] yet to pay."

On June 16, 2014, Defendants filed their Opposition to Plaintiff's Motion for Reconsideration of Decision Granting Defendant Summary Judgment. Defendants maintain that the Court "properly dismissed Plaintiff's breach of contract claims[.]" In particular, Defendants argue that reconsideration is inappropriate because Plaintiff "failed to present any evidence to raise an issue of fact that it did not breach the contract[.]"

On June 30, 2014, Plaintiff filed its Reply to Defendants' Opposition to Motion for Reconsideration and Clarification of Decision. Plaintiff argues that "[i]t is clear from the record there are many triable issues of relevant fact and law which have yet to be fully and finally adjudicated."

## DISCUSSION

Reconsideration is appropriate when 1) the Court is presented with new evidence; 2) the Court committed clear error or its decision was manifestly unjust; or 3) if there is an intervening change in controlling law. Rong Chang Company, Ltd., Inc. v. M2P, Inc., 2012 Guam 1, ¶ 16 (quoting Ward v. Reyes, 1998 Guam 1, ¶ 10). Rule 7(i) of the Local Rules of the Guam Superior Court further provides that "[n]o motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion."

A review of the briefs submitted by the parties with respect to Defendants' Motion for Summary Judgment as well of this Court's Decision and Order concerning the same reveals that there is no ambiguity which merits clarification. The Court explicitly granted summary judgment in favor of Defendants as to both of Plaintiff's claims; the Court also granted partial summary judgment in favor of Defendants as to their breach of contract claim. While Plaintiff now attempts to expand on the nuances of its breach of contract claim, the fact remains that the Court's Decision and Order addressed and disposed of the only two claims set forth by Plaintiff in its Complaint, i.e., breach of contract and *quantum meruit*. Plaintiff likewise sets forth purported factual disputes which merit full adjudication. The Court considered the presence or absence of factual disputes in rendering summary judgment, and declines to entertain such arguments anew. Reconsideration is inappropriate where, as here, none of the three factors set forth above is met; a party may not relitigate matters already decided, whether through novel or rehashed arguments. The Court, therefore, finds no cause to reconsider its Decision and Order and denies the Motion.

## CONCLUSION

In light of the foregoing, the Court DENIES Plaintiff's Motion for Reconsideration and Clarification of Decision.

**IT IS SO ORDERED** this day of October 17, 2014.

_____
HONORABLE ALBERTO C. LAMORENA III
Presiding Judge, Superior Court of Guam

SERVICE VIA COURT BOX
I acknowledge that a copy of the original hereto was placed in the court box of: _Torres Law Group;_
_AG-Civil_
Date: _10/17/14_ Time: _1:30 pm_

Deputy Clerk, Superior Court of Guam

Page 3 of 3